**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2437

IRIS D. KUILAN-NEVAREZ,

Plaintiff, Appellant,

v.

SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

David Ramos-Pagan on brief for appellant.
H.S. Garcia, United States Attorney, Peter D. Keisler, Assistant Attorney General, Marleigh D. Dover and Charles W. Scarborough, on brief for appellee.

May 6, 2005

**Per Curiam**.  Appellant, Iris D. Kuilan-Nevarez, appeals from a jury verdict in favor of appellee, the Department of Veterans Affairs, on her claim that appellee retaliated against her for filing prior complaints of disability discrimination. Appellant's sole argument is that there was insufficient evidence to support the jury verdict.

Appellant's appeal founders due to appellant's failure to file a motion for judgment as a matter of law or a motion for a new trial.  It is well-settled that in order to challenge the sufficiency of the evidence on appeal a party must first have presented the claim to the district court, either by moving for judgment as a matter of law before the case is submitted to the jury and renewing that motion after the verdict, Fed. R. Civ. P. 50(a), (b), or by moving for a new trial pursuant to Fed. R. Civ. P. 59. See, e.g., Hammond v. T.J. Little & Co., 82 F.3d 1166, 1171 (1st Cir. 1996).  In the absence of the filing of such motions, we retain only "a modicum of residual discretion" to inquire whether the record reflects an absolute dearth of evidentiary support for the jury's verdict.  Faigin v. Kelly, 184 F.3d 67, 76 (1st Cir. 1999); La Amiga del Pueblo, Inc. v. Robles, 937 F.2d 689, 691 (1st Cir. 1991).  This authority to review the record must be exercised sparingly, however, and we choose not to exercise it here. See Udemba v. Nicoli, 237 F.3d 8, 14 (1st Cir. 2001); Correa v. Hosp. San Francisco, 69 F.3d 1184, 1196 (1st Cir. 1995).  Appellant (who,

after all, had the burden of proof) provides no signposts indicating that there might be an absolute dearth of evidentiary support for the jury's verdict; her brief is conclusory and contains only a few citations to the record.

Accordingly, the judgment is <u>affirmed</u>.